## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **INDIA TERESA CROSS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION** |
| **vs.** | * | **FILE NO. _____** |
| | * | |
| **WAL-MART STORES EAST, LP,** | * | |
| **(DELAWARE)** | * | **COMPLAINT FOR DAMAGES** |
| | * | |
| | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendant.** | * | |

### COMPLAINT

Plaintiff INDIA TERESA CROSS, by and through her undersigned counsel, hereby files this Complaint against WAL-MART STORES EAST, LP ("Defendant"), stating as follows:

### PART I

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of Irwin County, Georgia.

2.

Defendant is a foreign limited partnership formed under the laws of the State of Delaware, which is authorized to conduct business in the State of Georgia as a foreign entity. Defendant may be served with the summons and complaint by serving its registered agent for service of process in the State of Georgia, which is CT Corporation System and whose address is 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

3.

Defendant is subject to personal jurisdiction in this Court by virtue of its regularly conducted, systematic, and continuous business activities within and throughout the State of Georgia by engaging in an ongoing retail enterprise throughout the State of Georgia and by advertising, marketing, and selling goods at Wal-Mart Store No. 686 located at 120 Benjamin H Hill Drive W, Fitzgerald, Ben Hill County, Georgia 31750. As such, Defendant has purposefully availed itself of the privilege and benefit of conducting business within this State, and Defendant has established minimum contacts with the State of Georgia and within this Judicial District, such that Defendant should reasonably and fairly anticipate being haled into court in this Judicial District,.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and because it is between citizens of different states.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in Ben Hill County, Georgia, which is situated within the district and divisional boundaries of the Albany Division of the Middle District of Georgia.

## PART II

## FACTS

6.

At all times relevant to the subject incident, Defendant operated Wal-Mart Store No. 686

located at 120 Benjamin H Hill Drive W, Fitzgerald, Ben Hill County, Georgia 31750 (the "Store").

7.

On February 26, 2020, the Store was open to the general public.

8.

On the aforesaid date, Plaintiff entered the Store for the purpose of shopping and was present on said premises as an invitee of Defendant.

9.

After completing her shopping, Plaintiff walked toward the doorways at the front of the Store in order to exit the premises.

10.

As she approached the doorways, Plaintiff reached a dark-colored floor mat or rug (the "Rug") that had been placed on the Store's floor in front of a commercial ice freezer and which extended past the ice freezer toward the Store's front doors.

11.

The edge of the Rug was turned upwards, rather than laying flat on the ground, which created a hazard for persons walking on or over the Rug.

12.

The upturned edge of the Rug caught Plaintiff's foot as she stepped across the Rug, causing Plaintiff to trip and fall to the ground.

13.

When she fell, Plaintiff's left knee struck the hard ground, causing an injury to that knee, and the momentum of the fall further caused a forceful impact with her right hip.

14.

Immediately before the fall, an employee of Defendant, who was wearing a store uniform and a yellow vest, was stationed in the immediate vicinity of the Rug and was facing in the direction of the Rug.

15.

Despite standing directly in front of the Rug and being well positioned to observe the Rug's condition and positioning, Defendant's employee either failed to notice that the Rug had an upturned edge or, if he did notice it, he failed to take any corrective action or issue any warning to customers and other invitees who were passing by.

16.

Immediately after Plaintiff's fall, the above-mentioned employee as well as another employee of Defendant rushed over to Plaintiff, who was then lying on the ground in physical distress, to provide assistance.

17.

Prior to crossing over the Rug, Plaintiff did not see that the edge of the Rug was upturned and that it therefore posed a risk of tripping.

18.

The fact that the edge of the Rug was turned upwards was not readily apparent to the average person shopping in the Store.

19.

The upturned edge of the Rug constituted a hazardous condition for Plaintiff and other customers and invitees present at the Store.

20.

Defendant failed to warn Plaintiff or other invitees of the Store of the dangerous condition created by the upturned edge of the Rug.

21.

Because she was unaware of the hazard, Plaintiff was unable to take any action to avoid tripping and falling as she crossed over the Rug.

22.

Defendant knew or should have known by virtue of its employees' location in the immediate vicinity of the hazard of the danger posed by the positioning and condition of the Rug.

23.

Despite possessing actual or constructive knowledge of the risk posed by the upturned edge of the Rug, Defendant did not take any corrective action with respect to the Rug nor did it warn its customers and other invitees of the danger.

## PART III

## NEGLIGENCE OF DEFENDANT

24.

The allegations of Paragraphs 1 through 23 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

25.

Defendant failed to keep its premises safe for invitees and customers of the Store.

26.

Defendant had an affirmative duty to keep the premises safe for invitees and customers of the

Store, which included Plaintiff.

27.

Defendant and its employees and/or agents owed a duty to Plaintiff and to other invitees and customers of the Store to exercise ordinary care to keep its premises safe.

28.

Defendant and its employees and/or agents owed a duty to Plaintiff and to other invitees and customers of the Store to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect invitees from known and foreseeable dangers.

29.

Defendant and its employees and/or agents breached the duty of care that they owed to Plaintiff, as an invitee present on Defendant's premises, by failing to address the Rug's upturned edge.

30.

Defendant was negligent in, among other possible acts or omissions, the following ways:

a) By violating O.C.G.A. § 51-3-1 through Defendant's failure to exercise ordinary care in keeping its premises and approaches safe;

b) In failing to keep the floor of its Store over which it had control safe for its customers and other invitees; and

c) In failing to exercise due care to properly inspect the area in which the Rug was placed to discover and address the dangerous condition; and

d) In failing to warn Plaintiff and its other invitees and customers of the existence of an unsafe and dangerous condition on the floor of the Store;

e) In failing to properly train and supervise its employees with regard to the care of the premises; and

f) In failing to protect Plaintiff and other invitees and customers of the store by either removing the Rug or causing the Rug to lay flat against the ground.

31.

Plaintiff further shows that the negligence of Defendant was a direct and proximate cause of the injuries sustained by her.

## PART IV

## LIABILITY OF DEFENDANT

32.

The allegations of Paragraphs 1 through 31 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

33.

Defendant and its employees and/or agents were responsible for the condition of the floor in the Store on the day of the subject incident, including, without limitation, the positioning and condition of the Rug.

34.

Defendant, by and through its officers, managers, employees, and/or agents, negligently allowed the Rug to lie in a hazardous position, and they further negligently failed to warn others of the dangerous condition.

35.

Defendant is vicariously liable for the negligence of its employees and/or agents under the

theory of respondeat superior.

## PART V

## PERSONAL INJURIES TO PLAINTIFF

36.

The allegations of paragraphs 1 through 35 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation were fully set forth herein.

37.

As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff was physically injured, and she experienced pain and suffering as a result of said injuries.

38.

In the immediate aftermath of the fall, Plaintiff experienced pain on the inside and outside of her right hip that radiated into her buttocks, pelvic pain, and swelling and instability in her left knee.

39.

In the months following the fall, the condition of Plaintiff's right hip continuously worsened, resulting in increasing pain and instability.

40.

Eventually the condition of her right hip deteriorated to the point that Plaintiff could no longer walk without the assistance of a cane and now a walker.

41.

Plaintiff has been diagnosed with severe osteoarthritis with avascular necrosis of the femoral head, which is a condition that can result from a trauma such as a fall.

42.

Plaintiff will require a full hip replacement as a result of this condition, and she is presently scheduled to undergo the surgery on July 14, 2021.

43.

Plaintiff had never experienced or complained of pain or instability in either of her hips prior to the subject fall.

44.

The subject fall is the direct and proximate cause of the injuries to Plaintiff's left knee, pelvis, and right hip.

45.

By reason of the foregoing, Plaintiff is entitled to recover past, present, and future compensatory damages from Defendant in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of the jury, and she is entitled to recover for her impaired ability to labor, loss of earnings, and loss of earning capacity.

## PART VI

## MEDICAL EXPENSES OF PLAINTIFF

46.

The allegations of paragraphs 1 through 45 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation were fully set forth herein.

47.

As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has required treatment with physicians, physical therapists, and other health are providers, and she will

continue to require medical treatment in the future.

48.

Because of her injuries sustained in the subject fall, Plaintiff has incurred medical expenses as of the date of filing of this Complaint and will incur future medical expenses, including, without limitation, the cost of the hip replacement surgery referenced above.

49.

By reason of the foregoing, Plaintiff is entitled to recover from Defendant an amount equal to the cost of her past and future medical bills and related expenses resulting from the subject fall in an amount to be shown by the evidence and proven at trial.

## PART VII

## ATTORNEY'S FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

50.

The allegations of paragraphs 1 through 49 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation were fully set forth herein.

51.

Defendant has caused Plaintiff unnecessary trouble and expense in having to bring this lawsuit to enforce her rights and obtain compensation.

52.

Plaintiff, by and through her undersigned counsel, sent Defendant a demand letter to Defendant on April 2, 2021 (the "Demand Letter"). The Demand Letter was sent by electronic mail and by Federal Express overnight delivery, and it was successfully delivered to Defendant.

53.

Having received no response from Defendant, Plaintiff's counsel sent Defendant a follow-up email on May 7, 2021 (the "Follow-Up Email"), seeking an opportunity to discuss the Demand Letter.

54.

Defendant has never responded to the Demand Letter or the Follow-Up Email.

55.

Defendant has acted in bad faith and has been stubbornly litigious, and Plaintiff is entitled to recover from the Defendant her expenses of litigation, including, without limitation, reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays as follows:

(a)     That process issue and service be had on Defendant;

(b)     That judgment be granted in favor of Plaintiff and against Defendant for the personal injuries of Plaintiff caused by the subject fall, making Defendant responsible for Plaintiff's past, present, and future pain and suffering, including, but not limited to, mental anguish and loss of capacity for enjoyment of life, and Plaintiff's impaired ability to labor, loss of earnings, and loss of earning capacity, in such an amount as shall be shown by the evidence and proven at trial;

(c)     That judgment be granted in favor of the Plaintiff against Defendant as payment for the past medical expenses of Plaintiff resulting from the subject fall, plus any other existing or future medical expenses in such an amount as shall be shown by the evidence and proven at trial;

(d)     That Plaintiff be awarded reasonable attorney's fees and expenses of litigation against Defendant;

(e)     That a jury trial be had on all issues so triable;

(f)     That Plaintiff recovers the cost of this action; and

(g)     That such other and further relief be granted as this Court may deem just and proper.

Respectfully submitted this 30th day of June, 2021.

LANGDALE VALLOTTON, LLP


JAMES R. MILLER
Georgia Bar No. 159080
Attorney for Plaintiff

1007 N. Patterson St.
Post Office Box 1547
Valdosta, Georgia 31603
(229) 244-5400
jmiller@langdalelaw.com